■ Kenney, Becker, LLP, Appellant, v Martin S. Kenney et al., Respondents. [824 NYS2d 264]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered February 9, 2006, which, in an action to recover a legal fee, directed that plaintiff produce a certain e-mail and that defendant Kenney's deposition be conducted in Florida, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate so much of the order as directs that defendant Kenney's deposition be conducted in Florida, and to direct instead that such deposition be conducted in New York, and otherwise affirmed, without costs.

The subject e-mail was sent after commencement of the action by a former employee of plaintiff to plaintiff's attorney at plaintiff's request following a chance encounter between the former employee and a principal of plaintiff, and recounts the former employee's recollections of conversations with plaintiff's principal and one of the defendants. After an in camera review, we find that the e-mail was not prepared for purposes of the litigation (CPLR 3101 [d] [2]), is not primarily a communication of a legal character between an attorney and client (CPLR 3101 [b]; *see Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377-378 [1991]), and is not otherwise immune from disclosure.

Defendant Kenney fails to demonstrate that his deposition in New York would cause him substantial hardship (*see Swiss Bank Corp. v Geecee Exportaciones*, 260 AD2d 254 [1999]). Concur— Buckley, P.J., Tom, Saxe, Sullivan and McGuire, JJ.